UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| FUTURE LINK SYSTEMS, LLC,<br><br>                Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>                Defendant. | Case No. 6:21-cv-01346<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT
AGAINST APPLE INC.**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Future Link Systems, LLC ("Plaintiff" or "Future Link") makes the following allegations against Defendant Apple Inc. ("Defendant"):

**INTRODUCTION**

1. This complaint arises from Defendant's unlawful infringement of the following United States patent owned by Plaintiff, which generally relate to integrated circuits and power-saving features therefor: United States Patent Nos. 7,685,439 ("'439 Patent") and 8,099,614 ("'614 Patent") (collectively, the "Asserted Patents").

**PARTIES**

2. Plaintiff Future Link Systems, LLC is a Delaware limited liability company organized and existing under the law of the State of Delaware, with its principal place of business at 3945 Freedom Circle, Suite 900, Santa Clara, California 95054. Future Link is the sole owner by assignment of all right, title, and interest in each Asserted Patent.

3. On information and belief, Defendant Apple Inc. is a publicly traded corporation organized under the laws of the State of California, with its principal place of business at One Apple Park Way, Cupertino, CA 95014. Apple Inc. may be served with process through its registered agent, CT Corporation System, at 818 West Seventh Street, Suite 930, Los Angeles, CA 90017.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant in this action because Defendant has committed acts within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the Asserted Patents.

6. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Defendant is registered to do business in Texas, and upon information and belief, Defendant has transacted business in this District and has committed acts of direct and indirect infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the Asserted Patents. Defendant has regular and established places of businesses in this District, including at

12545 Riata Vista Cir., Austin, Texas 78727; 12801 Delcour Dr., Austin, Texas 78727; and 3121 Palm Way, Austin, Texas 78758.[1]

## FACTUAL ALLEGATIONS

7. On April 3, 2018, Future Link sent a notice letter to Apple asserting the infringement of Future Link patents, including the Asserted Patents.

8. On May 15, 2018, Future Link and Apple held an initial meeting where Future Link presented an overview of its portfolio and claim charts for various Future Link patents.

9. On August 1, 2018, Apple presented non-infringement arguments with respect to Future Link patents.

10. On October 4, 2018, Future Link responded to Apple's non-infringement arguments with respect to Future Link patents.

11. On November 29, 2018, Apple presented invalidity arguments with respect to Future Link patents.

12. On March 14, 2019, Future Link responded to Apple's prior art contentions for Future Link patents.

13. Despite these efforts, Apple refused to discuss appropriate terms for a license to Future Link's patents. Thus, Future Link was left with no recourse but to file this lawsuit to protect its valuable assets.

---

[1] *See, e.g.*, https://www.apple.com/newsroom/2019/11/apple-expands-in-austin/; https://goo.gl/maps/8Cr3zaxvwpePsWwL6; https://goo.gl/maps/UWFYdgUfZVFr8FG26; https://www.apple.com/retail/domainnorthside/.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,685,439

14. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

15. Plaintiff owns by assignment all rights, title, and interest in U.S. Patent No. 7,685,439 (the "'439 Patent"), entitled "Method for Effecting the Controlled Shutdown of Data Processing Units." The '439 Patent was duly and legally issued by the United States Patent and Trademark Office on March 23, 2010. A true and correct copy of the '439 Patent is attached as Exhibit 1.

16. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products ("Accused Products"), such as System-on-Chip devices, that directly infringe, literally and/or under the doctrine of equivalents, at least Claim 1 of the '439 Patent.

17. Defendant also knowingly and intentionally induces infringement of at least Claim 1 of the '439 Patent in violation of 35 U.S.C. § 271(b). Through at least previous correspondence between Future Link and Apple (including a notice letter Future Link sent to Apple identifying Apple's infringement of the '439 Patent) and the filing and service of this Complaint, Defendant has had knowledge of the '439 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '439 Patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '439 Patent. Defendant does so knowing and intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '439 Patent, thereby specifically intending for and inducing its

customers to infringe the '439 Patent through the customers' normal and customary use of the Accused Products.

18. Defendant has also infringed, and continues to infringe, at least Claim 1 of the '439 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '439 Patent, are especially made or adapted to infringe the '439 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. Defendant has been, and currently is, contributorily infringing the '439 Patent in violation of 35 U.S.C. §§ 271(c) and (f).

19. The Accused Products satisfy all claim limitations of one or more claims of the '439 Patent. A claim chart comparing independent claim 1 of the '439 Patent to representative Accused Products (including but not limited to the iPhone SE which includes an Apple A13 SoC) is attached as Exhibit 2, which is hereby incorporated by reference in its entirety.

20. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured Plaintiff and is liable for infringement of the '439 Patent pursuant to 35 U.S.C. § 271.

21. As a result of Defendant's infringement of the '439 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

22. Defendant also had knowledge of or has been willfully blind to its infringement of the '439 Patent, and based on that knowledge or willful blindness, it has willfully infringed the '439 Patent.

23. Defendant also had actual or constructive knowledge of Future Link's rights in the '439 Patent due to, for example, Future Link's communications with Defendant as detailed in the Factual Allegations.

24. Defendant's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '439 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 8,099,614

25. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

26. Plaintiff owns by assignment all rights, title, and interest in U.S. Patent No. 8,099,614 (the "'614 Patent"), entitled "Power Management for Buses in CMOS Circuits." The '614 Patent was duly and legally issued by the United States Patent and Trademark Office on January 17, 2012. A true and correct copy of the '614 Patent is attached as Exhibit 3.

27. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products ("Accused Products"), such as System-on-Chip devices, that directly infringe, literally and/or under the doctrine of equivalents, at least Claim 1 of the '614 Patent.

28. Defendant also knowingly and intentionally induces infringement of at least Claim 1 of the '614 Patent in violation of 35 U.S.C. § 271(b). Through at least previous correspondence between Future Link and Apple (including a notice letter Future Link sent to Apple identifying Apple's infringement of the '614 Patent) and the filing and service of this Complaint, Defendant has had knowledge of the '614 Patent and the infringing nature of the Accused Products. Despite

this knowledge of the '614 Patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '614 Patent. Defendant does so knowing and intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '614 Patent, thereby specifically intending for and inducing its customers to infringe the '614 Patent through the customers' normal and customary use of the Accused Products.

29. Defendant has also infringed, and continues to infringe, at least Claim 1 of the '614 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '614 Patent, are especially made or adapted to infringe the '614 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. Defendant has been, and currently is, contributorily infringing the '614 Patent in violation of 35 U.S.C. §§ 271(c) and (f).

30. The Accused Products satisfy all claim limitations of one or more claims of the '614 Patent. A claim chart comparing independent claim 1 of the '614 Patent to representative Accused Products (including but not limited to the iPhone SE which includes an Apple A13 SoC) is attached as Exhibit 4, which is hereby incorporated by reference in its entirety.

31. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured Plaintiff and is liable for infringement of the '614 Patent pursuant to 35 U.S.C. § 271.

32. As a result of Defendant's infringement of the '614 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no

event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

33. Defendant also had knowledge of or has been willfully blind to its infringement of the '614 Patent, and based on that knowledge or willful blindness, it has willfully infringed the '614 Patent.

34. Defendant also had actual or constructive knowledge of Future Link's rights in the '614 Patent due to, for example, Future Link's communications with Defendant as detailed in the Factual Allegations.

35. Defendant's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '614 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Defendant has infringed, either literally and/or under the doctrine of equivalents, the '439 and '614 Patents;

b. A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the '439 and '614 Patents; and

c. A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest;

d. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendant;

e. An award of enhanced damages to Plaintiff as a result of Defendant's willful infringement; and

f. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: December 22, 2021

Respectfully submitted,

*/s/ Reza Mirzaie*
 Reza Mirzaie

Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Marc A. Fenster (CA SBN 181067)
mfenster@raklaw.com
Brian D. Ledahl (CA SBN 186579)
bledahl@raklaw.com
James Milkey (CA SBN 281283)
jmilkey@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
Minna Y. Chan (CA SBN 305941)
mchan@raklaw.com
Jonathan Ma (CA SBN 312773)
jma@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd., 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Plaintiff
*Future Link Systems, LLC*